**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CHARLES EDWARD NAYLOR**                                        **PETITIONER**

**V.**                                        **CIVIL ACTION NO. 2:19CV37 KS-LGI**

**PELICIA HALL**                                        **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Charles Edward Naylor seeks federal habeas relief under 28 U.S.C. § 2254. After a review of the entire record and all the applicable law, the undersigned recommends that his petition be dismissed with prejudice.

**Factual and Procedural Background**

Naylor was convicted of auto burglary and sentenced by the Circuit Court of Forrest County, Mississippi as a habitual offender to a seven-year term of imprisonment in the Mississippi Department of Corrections. The relevant facts are accurately described in the state court's opinion and are incorporated herein.

Jerry McGill owns an automobile mechanic shop in Hattiesburg, Mississippi, around the corner from Bobby's Muffler and Brake Shop (Bobby's Muffler), which is owned by Bobby Brewer. On October 29, 2015, McGill, who does mechanic work at night, was responding to a broken-down vehicle call when he drove by Bobby's Muffler. McGill noticed that a door was open on the Volvo parked outside Bobby's Muffler. McGill knew the vehicle belonged to Brewer.

When McGill stopped to close the door, a man raised his head inside the Volvo and got out. The man, whom law enforcement personnel later identified as Charles Naylor, walked over to McGill, who still was in his truck. Naylor informed McGill that the Volvo belonged to him, that he had dropped it off for repairs, and that Brewer was to work on it the next morning. McGill told Naylor that he worked at Bobby's Muffler and asked for Naylor's information, whereupon Naylor replied that the shop already had his information. When McGill snapped a photograph[1] of Naylor, Naylor walked away. McGill telephoned the police at that point. He then got out of his truck, looked in the Volvo, and noticed that papers had been strewn about its interior and that the glove box had been "just tore all open . . . ."

McGill remained on the line with the police and followed Naylor, who was walking ahead, in his truck. McGill did not lose sight of Naylor and followed him until Naylor sat down on the sidewalk outside a McDonald's restaurant, located approximately a quarter mile from Bobby's Muffler. McGill, who was instructed to wait at a gas station across from the McDonald's, saw officers arrest Naylor outside the restaurant.

Officer Allen Grace of the Hattiesburg Police Department responded to McGill's call. Naylor was identified and was detained. In Naylor's possession, police found a global positioning system (GPS) unit and an automobile insurance card for a white Volvo which bore Bobby Brewer's name. Officer Grace testified that he had lifted some fingerprints from Brewer's Volvo but explained that those fingerprints were not Naylor's. According

---

[1] This photograph, taken with McGill's cellular telephone, was introduced in evidence as Exhibit 1 and shown to the jury.

to Officer Grace, after apprehending Naylor, he had investigated the scene at Bobby's Muffler and found the Volvo unlocked with a door open; the vehicle's glove box also was open.

Bobby Brewer testified at Naylor's trial that the Volvo had been inoperable, locked, and parked in front of his shop until the alleged burglary and that "[i]t had been locked for sometime [sic] . . . ." He continued that his insurance card had been in the glove box and that his "GPS was either [lying] on the floorboard or somewhere other than the glove box." Upon hearing the evidence, the jury convicted Naylor of auto burglary and he was sentenced as a habitual offender to seven years without parole. Miss. Code. Ann. § 99-19-81.

Aggrieved, Naylor appealed and asserted that the evidence was insufficient to prove the elements of auto burglary and that the verdict was contrary to the weight of the evidence. However, the Mississippi Supreme Court affirmed the conviction and sentence on April 5, 2018. *Naylor v. State*, 248 So.3d 793 (Miss. 2018). Naylor filed a motion for rehearing which was subsequently denied on August 9, 2018. Aggrieved, Naylor filed three "Petitions for Writ of Certiorari" in the Mississippi Supreme Court, all of which were dismissed as improperly filed because they were filed in the wrong court. Nothing of record indicates that Naylor subsequently filed a petition for writ of certiorari in the United States Supreme Court or sought post-conviction collateral review in state court.

Naylor now brings the instant petition[2] for federal habeas relief and raises the same

sufficiency-of-the-evidence claim rejected on direct appeal as his sole ground for relief.

Having reviewed the record and all the applicable law, the undersigned submits that Naylor

is not entitled to relief and that the instant petition should be dismissed with prejudice.

**Discussion**

This Court's review of Petitioner's claims for federal habeas relief is governed by

the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  Under the Act,

this Court cannot grant a petitioner federal habeas corpus relief for any claim that was

adjudicated on the merits in a state court proceeding, unless the adjudication:

    (1)    resulted in a decision that was contrary to, or involved an
              unreasonable application of, clearly established Federal law, as
              determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable
              determination of the facts in light of the evidence presented in the
              State court proceeding.

28 U.S.C. § 2254(d).  Under 28 U.S.C. § 2254(d)(1), this Court reviews questions of law

as well as mixed questions of law and fact, while questions of fact are reviewed under 28

U.S.C. § 2254(d)(2).

Under the first prong, the clauses "contrary to" and "unreasonable application of"

are independent bases for granting federal habeas relief.  *Williams v. Taylor*, 529 U.S.

362, 405, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  A state court's decision is "contrary

---

[2] Naylor's initial habeas petition, filed on March 14, 2019, contained both exhausted and unexhausted claims.  Respondent moved to dismiss the petition for failure to exhaust state court remedies as required under the AEDPA.  On January 28, 2020, Naylor filed the amended petition omitting his unexhausted claims, and Respondent's motion was denied as moot.

to" federal law if it contradicts Supreme Court precedent or reaches a different result on

materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a

federal habeas court may grant relief if the state court "correctly identifies the governing

legal principle" but then "unreasonably applies it to the facts of the particular case." *Bell*

*v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002). The state court's

decision must be objectively unreasonable, not merely erroneous or incorrect. *Wood v.*

*Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 175 L. Ed. 2d 738 (2010).

AEDPA's second prong requires that federal courts defer to a state court's factual

determinations unless they are based on an "unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d);

*Morales v. Thaler*, 714 F.3d 295, 301 (5th Cir. 2013). Deference is critical because

federal courts have no authority to grant habeas corpus relief simply because "we

conclude, in our independent judgment, that a state supreme court's application of

[federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir.

2002); *Jasper v. Thaler*, 466 F. App'x 429, 435 (5th Cir. 2012). Thus, we presume the

state court's determination of a factual issue is correct, unless a petitioner rebuts the

presumption with clear and convincing evidence. *See* 28 U.S. C. § 2254 (e)(1).

In the instant petition, Naylor argues that he is entitled to habeas relief because the

State failed to prove that he committed auto burglary. Mississippi law provides that any

person "who shall be convicted of breaking and entering, in the day or night, any . . .

automobile . . . with the intent to steal therein . . . shall be guilty of burglary and

imprisoned in the penitentiary not more than seven (7) years." Miss. Code. Ann. § 97-17-

33(1).  The Mississippi Supreme Court has defined "[a]ctual breaking" as "any act of

force, however slight, employed to effect an entrance through any usual or unusual place

of ingress, whether open, partly open, or closed." *Naylor*, 248 So. 3d at 796 (internal

quotation marks omitted) (quoting *Johnson v. State*, 235 So. 3d 1404, 1410 (Miss.

2017)).  Naylor argues, however, that there was no evidence of forced entry or that he

ever entered the car.  He notes that there was no fingerprint match and that he had "no

tools" to open the door.  Though not expressly argued here, Naylor's arguments

essentially paraphrase those of counsel on direct appeal, i.e., that "it was just as likely

that [he] came upon the Volvo with the door already open and [he] merely trespassed in

the Volvo and committed petit larceny."

As a threshold matter, to the extent Naylor seeks to challenge the weight of the

evidence as he did on direct appeal, he fails to state a cognizable claim for habeas review.

Unlike a sufficiency-of-the-evidence claim, a weight-of-the-evidence claim requires an

assessment of the credibility of the evidence presented at trial.  *Tibbs v. Fla.*, 457 U.S. 31,

37–38, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982).  "The credibility of the witnesses and

the weight of the evidence is the exclusive province of the jury."  *Hebert v. Rogers*, 890

F.3d 213, 225 (5th Cir. 2018) (citation omitted).  It is purely a matter of state law and is

not cognizable on habeas review.  *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)

("[a] federal habeas court has no power to grant habeas corpus relief because it finds that

the state conviction is against the 'weight' of the evidence . . .").

A sufficiency-of-the-evidence claim, however, is based upon federal due process

principles, requiring the State to prove each element of the offense beyond a reasonable

6

doubt.  The only relevant question in assessing the sufficiency of the evidence is

"whether, after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d

560 (1979).  *Jackson* requires us to look to state law for the substantive elements of the

offense, but "the minimum amount of evidence that the Due Process Clause requires to

prove the offense is purely a matter of federal law."  *Coleman v. Johnson*, 566 U.S. 650,

132 S. Ct. 2060, 182 L. Ed. 2d 978 (2012) (internal quotation marks omitted).  *Jackson*

claims also "face a high bar in federal proceedings because they are subject to two layers

of judicial deference."  *Id.* at 651.  In the first layer, a state appeals court reviewing the

sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact

could have agreed with the jury."  *Id.*  In the second layer, a federal court grants habeas

relief only upon a finding that the state court's rejection of a sufficiency-of-the-evidence

claim was "objectively unreasonable."  *Id.*  Under *Jackson's* sufficiency-of-the-evidence

standard, juries have broad discretion in deciding what inferences to draw from the

evidence presented at trial, requiring only that they "draw reasonable inferences from

basic facts to ultimate facts."  *Jackson*, 443 U.S. at 319.

Viewing the evidence in the light most favorable to the State in this case, the

Mississippi Supreme Court concluded that the jury heard sufficient evidence from which

it could rationally infer that Naylor was guilty of auto burglary beyond a reasonable

doubt.  The court reasoned that Naylor's temporal proximity to the crime, his possession

of the fruits of the crime, and his inability to provide an explanation for said possession,

were all "common sense" factors that strengthened the inference that Naylor committed

auto burglary. *Naylor*, 248 So. 3d 793 (citing *Shields v. State*, 702 So. 2d 380, 382 (Miss.

1997) (applying four "common sense" factors for evaluating whether burglary can be

inferred from possession of stolen items). Under state law, "[i]n fact, the minimal effort

required by turning a doorknob to gain entry to an unlocked door, raising a latch, or

slightly pushing an already open door suffice for the element of breaking." *Esters v.*

*State*, 281 So. 3d 844, 848 (Miss. Ct. App.), *reh'g denied* (June 20, 2017), *cert. denied,*

276 So. 3d 659 (Miss. 2019). In its rejection of Naylor's arguments to the contrary re-

urged here, the court explained as follows:

> Naylor argues that, "with the evidence presented, it is just as likely
> that Naylor came upon the Volvo with the door already open and Naylor
> merely trespassed in the Volvo and committed petit larceny." But under this
> Court's standard for reviewing challenges to the sufficiency of the
> evidence, even if, "having in mind the beyond a reasonable doubt burden of
> proof standard, reasonable fair-minded [jurors] in the exercise of impartial
> judgment might reach different conclusions on every element of the
> offense, the evidence is sufficient." *Shelton v. State*, 214 So. 3d 250, 256
> (Miss. 2017). Moreover, "'when the evidence is conflicting, the jury will be
> the sole judge of the credibility of witnesses and the weight and worth of
> their testimony.' " *Little v. State*, 233 So. 3d 288, 292 (Miss. 2017)
> (quoting *Gathright v. State*, 380 So. 2d 1276, 1278 (Miss. 1980)). Brewer
> testified that the Volvo was locked outside Bobby's Muffler at the time of
> the crime and that it had been locked for some time. In his closing
> argument, Naylor contended that he merely had happened upon a Volvo
> with an open door. Despite Naylor's contention to the contrary, the jury
> was entitled to believe Brewer's testimony that his Volvo had been locked
> until the alleged burglary.
> . . . .
>
> Naylor claims that "more than proximity is needed" to sustain a
> burglary conviction. But evidence that Naylor possessed fruits of the
> burglary on the same day of the burglary when he was apprehended a
> quarter mile from the site of the burglary strengthens the inference that
> Naylor committed the burglary. Moreover, Naylor had not been out of

McGill's sight from the time he walked away from the Volvo until he was taken into police custody. The first *Shields* "common sense circumstance," the temporal proximity of possession, is satisfied. Both items, the GPS and the insurance card, were found in Naylor's possession and, therefore, the second factor also strengthens the inference that Naylor committed the burglary. The third factor neither strengthens nor detracts from the inference that Naylor committed the burglary because the record does not reflect whether he attempted to conceal the contraband. Officer Grace could not remember whether the items were found in Naylor's backpack or in his pocket. The fourth factor strengthens the inference, because, according to Officer Grace's testimony, Naylor could not explain his possession of Brewer's insurance card.

Nevertheless, this Court also must consider the "circumstances of possession and the presence or absence of evidence of participation in the crime other than mere possession . . . ." *Shields*, 702 So. 2d at 382 (citing *Cosby v. Jones*, 682 F.2d 1373, 1380 (11th Cir. 1982)). Plentiful evidence beyond the mere circumstance of Naylor's possession of the stolen items supports an inference that Naylor burglarized Brewer's Volvo.

McGill testified that he had seen a man later identified as Naylor in the Volvo, which McGill knew belonged to Brewer, with one of the vehicle's doors open. McGill testified that Naylor falsely claimed both that the car belonged to him and that he had dropped the car off to be repaired. McGill continued that, when he photographed the Volvo's occupant with his cellular phone, the man walked away. McGill then stated that he had called the police and remained on the line with the police while, in his truck, he followed Naylor, who was walking ahead on foot. McGill never lost sight of Naylor and followed him until Naylor sat down on the sidewalk outside a McDonald's, located approximately a quarter mile from Bobby's Muffler. McGill then witnessed officers arrest Naylor outside the McDonald's. In Naylor's possession, police found a global positioning system (GPS) unit and an automobile insurance card for a white Volvo which had Bobby Brewer's name on it.

*Naylor*, 248 So. 3d at 798. Based on this well-reasoned and detailed analysis, the court

concluded that there was sufficient evidence to establish that Naylor committed auto

burglary. Under our limited AEDPA review, this finding was neither contrary to, nor an

unreasonable application of, *Jackson*. On the contrary, the jury's construction of the

evidence was reasonable, and its resulting decision to find Naylor guilty of auto burglary

beyond a reasonable doubt under Mississippi law was rational.

To the extent Naylor argues that circumstantial evidence alone cannot satisfy the

standard set forth in *Jackson,* the argument is unavailing.  The "court looks to both direct

and circumstantial evidence in resolving the question of sufficiency of the evidence

underlying the conviction." *See, e.g., Taylor v. Scott*, 48 F.3d 529 (5th Cir. 1995) ("[A]

sufficiency-of-the-evidence claim may be resolved based on circumstantial evidence.");

*Williams v. Scott*, 39 F.3d 320 (5th Cir. 1994) ("[T]he evidence may be sufficient even

though entirely circumstantial."); *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990);

*Pate v. Wainwright*, 607 F.2d 669, 670 (5th Cir. 1979).  Further, "it is not necessary that

the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent

with every conclusion except that of guilt. A jury is free to choose among reasonable

constructions of the evidence." *United States v. Layne*, 43 F.3d 127, 130 (5th Cir.

1995) (internal marks omitted).  The evidence in this case, though circumstantial, was

sufficient to support the jury's verdict, and Naylor has presented nothing in his habeas

petition to overcome the deference afforded the state court's decision.  *Knight v. Banks*,

No. 20-60226, 2021 WL 4301264, at *2 (5th Cir. May 19, 2021) ("Moreover, when a

state prisoner presents an insufficiency-of-the-evidence claim in federal habeas, the court

must apply this standard of review through the doubly deferential lens of the relitigation

bar found in 28 U.S.C. § 2254(d)(1).").

For these reasons, it is the recommendation of the undersigned United States

Magistrate Judge that this habeas petition should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 21, 2022.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
